IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/<br>  Respondent,<br><br>vs.<br><br>RENARD McCAIN KING,<br><br>  Defendant/<br>  Petitioner. | No. CR-F-91-068 OWW<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>"PLAIN ERROR MOTION PURSUANT<br>TO RULE 52(b) F.R.CR. P." |

    Petitioner Renard McCain King was convicted by jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on September 10, 1991.  Petitioner was sentenced on December 23, 1991 to 260 months incarceration and a five year term of supervised release.  Petitioner's conviction and sentence were affirmed by the Ninth Circuit on January 7, 1993.  On October 11, 1994, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which motion was denied by Order filed on November 18, 1994.

1

Petitioner filed a second Section 2255 motion on December 14, 1995, which was denied by Order filed on December 26, 1995. Petitioner appealed the denial of his second Section 2255 motion and the Ninth Circuit affirmed the denial on March 8, 1999. Petitioner applied to the Ninth Circuit for leave to file a second or successive Section 2255 motion, which was denied on March 13, 2006.

On October 13, 2006, Petitioner filed a "Plain Error Motion Pursuant to Rule 52(b) F.R.CR.P."[1]  Petitioner argues that an intervening change in law warrants reversal of his conviction. Petitioner refers to *Bailey v. United States*, 516 U.S. 137 (1995).[2]  Petitioner requests that "his claims be addressed under case caption Rule 52(b), and NOT BE CONSTRUED AS A SECOND OR SUCCESSIVE § 2255."  Petitioner acknowledges that "some courts authorizes reviews under § 2241 actual innocence motions," but "seeks 52(b) as an expedient, but yet remedial avenue to summon reversal and vacature [sic] of his sentence."

Petitioner's motion is DENIED.

Petitioner cannot proceed pursuant to Rule 52(b) to obtain

---

[1] Rule 52(b), Federal Rules of Criminal Procedure, provides:

> A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

[2] *Bailey* holds that a conviction under 18 U.S.C. § 924(c) for "use" of a firearm during a crime of violence requires evidence sufficient to show active employment of the firearm by the defendant.  *Bailey* is retroactively applicable to criminal convictions that have become final. *Bousley v. United States*, 523 U.S. 614, 619-621 (1998). Of course, Petitioner was not convicted of violating Section 924(c).

the relief requested by this motion.  Rule 52(b) does not give this Court jurisdiction to vacate Petitioner's long-final conviction.  Petitioner's remedy to challenge his conviction is to file an application with the Ninth Circuit for leave to file a second or successive Section 2255 motion.  Section 2255 provides in pertinent part:  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new, retroactive rule of constitutional law.  Section 2244(b)(3)(A) states:  "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Without such a certificate of authorization from the Ninth Circuit, this court lacks jurisdiction to consider the merits of petitioner's claims made in the motion filed on October 13, 2006.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

The Court could construe Petitioner's motion as a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 pursuant to the "savings clause" of Section 2255 because of Petitioner's claim of "actual innocence."  *See Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir.2006), *cert. denied,* ___ U.S. ___, 127 S.Ct. 1896 (2007):

> [W]e have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual

>  innocence, and (2) has not had an
>  'unobstructed procedural shot' at presenting
>  that claim.

However, in *Hernandez v. Campbell*, 204 F.3d 861 (9th Cir.2000), the Ninth Circuit held:

> Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court ....
>
> Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' ....
>
> An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255.  In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court ..., even if the § 2241 petition contests the legality of a sentence by falling under the savings clause ... On the other hand, § 2255 motions must be heard in the sentencing court ....
>
> Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.  If Hernandez's petition falls under the savings clause so as to be a petition pursuant to § 2241, then only the [custodial court] has jurisdiction.  If the savings clause does not come into play, however, then Hernandez's petition must be construed as a petition under § 2255, such that jurisdiction lies only in the [sentencing court].

4

**204 F.3d at 865.**

**Even if Petitioner had requested that his motion be construed as a motion pursuant to Section 2241, because this Court is not the custodial court, the Court would lack jurisdiction to entertain Petitioner's claim.**

**For the reasons stated:**

**1.  Petitioner Renard McCain King's "Plain Error Motion Pursuant to Rule 52(b) F.R.CR.P." is DENIED.**

IT IS SO ORDERED.

**Dated:   March 5, 2009**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE